IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　)　　1:05CR354-1
　　　　　　　　　　　　　　　　)
GERARDO ALVARADO ALVARADO,　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　)

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Defendant, a federal prisoner, has brought a Motion [Doc. #535] seeking a reduction of his sentence in light of recent changes to the Government's "fast-track" program, pursuant to which the Government may move for reduced sentences in certain immigration cases in exchange for a waiver of certain pre-trial and post-trial rights. Defendant, whose Judgment [Doc. #277] was entered on June 22, 2006, seeks to be included in an expansion of the program that was implemented in 2012.

In considering Defendant's request, the Court notes that a final sentence in a criminal case may not be modified by the Court unless specifically authorized by statute. Under 18 U.S.C. § 3582(b), "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (emphasis in original). Here, the Bureau of Prisons has not moved for a reduction. Defendant may be attempting to proceed pursuant to 18 U.S.C. § 3582(c)(2), which allows the Court to reduce the term of

imprisonment of a defendant who was sentenced at an offense level that has subsequently been lowered by the United States Sentencing Commission. However, Defendant cites to no retroactive amendment to the Guidelines related to the expansion of the fast-track program. As for Rule 35, it "authorizes *only* the correction, '[w]ithin 14 days after sentencing,' of 'arithmetical, technical, or other clear error,' unless the defendant merits a reduction for substantial assistance." Id. (quoting Rule 35). Therefore, Rule 35 does not apply to Defendant. Finally, the Court is not aware of any other statute authorizing a reduction in Defendant's sentence. Therefore, Defendant's Motion should be denied.[1]

IT IS THEREFORE RECOMMENDED that Defendant's Motion [Doc. #535] for a reduction of his sentence be denied and that this action be dismissed.

This, the 3rd day of January, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Court notes that even if there were a procedural basis to consider Defendant's request, a reduction would not be authorized under the fast-track program. Fast-track reductions can occur only at the Government's request, and there was no such request in this case. Moreover, the recent 2012 expansion of the program is not retroactive. See United States v. Alvarez-Quiroz, Case No. 06-310(3), 2012 WL 2003501, at *2-3 (D. Minn. June 5, 2012) (unpublished).

2